UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS K. CAMERON,         ) | |
| )                          | |
| Plaintiff     ) | |
| )                          | |
| vs.                        ) | |
| )                          | Case No.  2:05-cv-02393-JHH-HGD |
| WARDEN McDONALD, CAPTAIN   ) | |
| RICHBURG, and LIEUTENANT   ) | |
| CLARK,                     ) | |
| )                          | |
| Defendants    ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on March 2, 2006, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failing to state a claim for which relief can be granted under 28 U.S.C. § 1915A(b). The plaintiff filed objections to the report and recommendation on March 14, 2006.

Plaintiff emphasizes his original complaint that he was being denied access to the law library by stating that his lawsuit should not be dismissed because he is unable to properly state his claim "due to no access to the law library."  In order to state a claim of constitutional proportion for lack of access to the law library, an inmate must establish that he has been injured in some way by this lack of access to the law library.  Because plaintiff failed to provide any facts in his complaint to

support such a claim, the magistrate judge recommended that the claim be dismissed. Plaintiff does not need access to a law library to provide this court with information about a criminal appeal, post-conviction matter, or civil rights action seeking to vindicate basic constitutional rights that were impeded by the lack of access to a law library. He merely needs to provide the court with the case number and style and a statement regarding the adverse action that was taken.

Plaintiff also states that he has been threatened with force for requesting permission to use the law library. It is well-established that allegations of verbal abuse and threats, as well as threatening gestures and conduct by correctional officers and officials, are insufficient grounds for relief under § 1983. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987) (verbal threats or abuse do not rise to the level of constitutional violations cognizable under § 1983 ); *McFadden v. Lucas*, 713 F.2d 143, 147 (5th Cir.1983) (prisoner confronted with 22 officers armed with sticks and acting in threatening manner did not, absent physical abuse, state a constitutional violation). Accordingly, reporting to the court that he has been threatened with force for requesting access to the law library does not state a constitutional claim.

Plaintiff also reiterates his claim that he is being subjected to cruel and unusual punishment because of the condition of the prison in which he is incarcerated. Plaintiff has not stated any facts to show that he has been deprived of "reasonably

adequate" food, clothing, shelter, and sanitation. Merely contracting athletes foot or becoming ill in a new environment does not support a claim of cruel and unusual punishment.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

**DONE** this the __1st__ day of May, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE